UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON HERNANDEZ GONZALEZ,<br>Plaintiff,<br>v.<br>SAN MATEO COUNTY JAIL MEDICAL PROVIDERS, et al.,<br>Defendants. | Case No. 19-02404 BLF (PR)<br><br>**ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK** |

Plaintiff, a state prisoner at the California Correctional Institute ("CCI") in Tehachapi, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against medical personnel at the San Mateo County Jail ("SMCJ"), where he was previously incarcerated.[1] The Court dismissed the complaint with leave to amend for Plaintiff to correct deficiencies. Dkt. No. 9. Plaintiff filed an amended complaint. Dkt. No. 10, hereinafter "Am. Compl."

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

---

[1] This matter was reassigned to this Court on October 24, 2019. Dkt. No. 12.

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff claims he is 64 years and has been a Type-1 diabetic for 25 years. Am. Compl. at 3. This requires he receive daily insulin shots of "25 lentos/8 movos," the lack of which (or improper dosage) could result in shock, loss of limbs, comma, organ failures, and even death. *Id.* While he was housed at SMCJ, he claims he did not receive his medication on time or in proper doses and began to suffer sickness and chronic pain. *Id.* Plaintiff claims SMCJ would wait until he was in severe condition before administering medical attention and providing insulin for his diabetic condition. *Id.* at 3-4. He describes several incidents of inadequate medical care which occurred on February 27, 2018, March 14, 2018, and June 19, 2018. *Id.* at 5-7. Plaintiff claims Defendant Carlos Morales, the Director of Correctional Health in San Mateo County, failed to adequately train and supervise his subordinate nurses and to ensure that adequate medical care was being administered to Plaintiff who suffered bad medical treatment that caused serious injuries. *Id.* at 3. He claims the denial of adequate medical care violated the Eighth Amendment as amounting to deliberate indifference to serious medical needs. *Id.* Based on the foregoing, Plaintiff states a cognizable § 1983 claim. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Starr v. Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011).

2

Plaintiff previously stated that he was unable to name individual nurses and his primary care provider because they withheld their names from him. Dkt. No. 9 at 3. Once Defendant Morales is served, Plaintiff may be able to obtain the names of the individuals who treated him through discovery and then move to add them to this action.

**CONCLUSION**

For the reasons state above, the Court orders as follows:

1. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint, all attachments thereto, and a copy of this order upon **Defendant Director Carlos Morales** at **Correctional Health Services (300 Bradford Street, Redwood City, CA 94063)**. The Clerk shall also mail a copy of this Order to Plaintiff.

2. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the amended complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before **sixty (60) days** from the day on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due sixty (60) days from the date on which the request for waiver was sent or twenty (20) days from the date

3

the waiver form is filed, whichever is later.

    3.    No later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment or other dispositive motion with respect to the claims in the amended complaint found to be cognizable above.

    a.    Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b.    **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

    4.    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

    5.    Defendants *shall* file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

10. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

**IT IS SO ORDERED.**

Dated: __March 30, 2020___

BETH LABSON FREEMAN
United States District Judge

Order of Svc
PRO-SE\BLF\CR.19\02404Gonzalez_svc