1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11   SIMON HERNANDEZ GONZALEZ,            Case No. 19-02404 BLF (PR)

                  Plaintiff,
12                                        **ORDER GRANTING**
                                          **DEFENDANT'S MOTION FOR**
13          v.                            **SUMMARY JUDGMENT**

14   CARLOS MORALES, et al.,
15
                  Defendants.
16
                                          (Docket No. 18)
17

18          Plaintiff, a state prisoner, filed a *pro se* civil rights complaint under 42 U.S.C. §

19   1983.[1]  The Court found the amended complaint, Dkt. No. 10[2], stated a cognizable claim of

20   deliberate indifference to serious medical needs under the Eighth Amendment against

21   Defendant Carlos Morales, the Director of Correctional Health Services ("CHS") for San

22   Mateo County, for care Plaintiff received while housed at the San Mateo County Jail,

23   ("SMCJ"), and ordered the matter served on Defendant.[3]  Dkt. No. 14.  On June 29, 2020,

24

25   ───────────────────────

     [1] The matter was reassigned to this Court on October 23, 2019, pursuant to *Williams v.*
26   *King*, 875 F.3d 500, 501-02, 504 (9th Cir. 2017).  Dkt. Nos. 11, 12.

27   [2] All page references herein are to the Docket (ECF) pages shown in the header to each
     document and brief cited, unless otherwise indicated.

28   [3] Plaintiff stated in the original complaint that the names of his primary care doctor and

United States District Court
Northern District of California

United States District Court
Northern District of California

1   Defendant filed a motion for summary judgment on the grounds that Plaintiff has not

2   established the essential elements for a deliberate indifference to serious medical needs

3   claim under the Eighth Amendment as a matter of law, and he is entitled to qualified

4   immunity.  Dkt. No. 18.[4]  Plaintiff did not file opposition although given an opportunity to

5   do so.  The last communication from Plaintiff in this action was a notice of change of

6   address filed on October 22, 2020.  Dkt. No. 19.

7       For the reasons stated below, Defendant's motion for summary judgment is

8   **GRANTED**.

9

10                              **DISCUSSION**

11  **I.      Statement of Facts[5]**

12      According to Plaintiff, he is 64 years old and has been a Type-1 diabetic for 25

13  years.  Dkt. No. 10 at 3.  This requires that he receive daily insulin shots of "25 lentos/8

14  movos," the lack of which (or improper dosage) could result in shock, loss of limbs,

15  comma, organ failures, and even death.  *Id.*  Plaintiff claims that while housed at SMCJ, he

16  began to suffer sickness and chronic pain when he did not receive his medication on time

17  or in proper doses.  *Id.*  Plaintiff claims SMCJ medical providers administered improper

18  insulin doses over his objection based on his blood glucose levels at the time, and then

19

20  nurses were withheld, so he was unable to name them in this suit.  Dkt. No. 9 at 3.  There
    is no indication in the record that Plaintiff has conducted any discovery to identify the
21  name of the nurse sued as "Nurse 1" or Does 1-5 over the 20 months period since he
    commenced this action.  Thus, the Court finds that Plaintiff has failed to prosecute the case
22  as to the unnamed defendants and allowance of further time to investigate and amend the
23  complaint is not warranted.  The Court dismisses the case as to all unidentified defendants.

24  [4] In support of his motion, Defendant Morales submits his declaration, Dkt. No. 18-1,
    which is accompanied by the following exhibits: Exh. A, Correctional Health Services
25  ("CHS") policy on diabetes management and care; and Exh. B, a survey of SMJC by the
    Institute for Medical Quality ("IMQ") regarding its quality management program, covering
26  the years 2018 to 2020.  Dkt. No. 18-1.

27  [5] Because Plaintiff did not file an opposition or declaration, the Court will take into
    consideration the factual allegations in his verified amended complaint.  Dkt. No. 10.

28                                   2

would wait until he was in severe condition before providing medical attention for his diabetic condition. *Id.* at 3-4. He identifies three incidents of inadequate medical care on February 27, 2018, March 14, 2018, and June 19, 2018. *Id.* at 5-7. Plaintiff claims that the nurses were negligent and deliberately indifferent to his serious medical needs. *Id.* at 7. He claims that Defendant Morales failed to "adequately train and supervise his subordinate nurses and to ensure that adequate medical care was being adequately administered to Plaintiff" who suffered serious injuries "as the result of poor or no training and monitoring of the nurses that are under the direct and specific supervision" of Defendant. *Id.* at 3.

Defendant Morales is the Director of CHS for San Mateo County Health, which is an agency of San Mateo County. Morales Decl. ¶ 2. Defendant Morales' responsibilities including supervising five San Mateo County employees which include two clinical services employees, two psychiatrists, and a fiscal manager, all of whom report directly to Defendant. *Id.* ¶ 3. Defendant Morales also generally oversees the provision of medical care, dental care, and mental health and substance abuse treatments of adults incarcerated in San Mateo County, and the provision of medical and dental care to minors in San Mateo County's Juvenile Hall. *Id.* ¶ 4. Defendant Morales does not directly supervise or train any of the nursing staff at the SMCJ, which is also known as the Maguire Correctional Facility, or at any other San Mateo County facility. *Id.* ¶ 6. He is licensed by the State of California as a clinical social worker and does not hold a medical license to qualify him to either supervise or train nursing staff at SMCJ. *Id.* ¶¶ 2, 6. Defendant Morales neither develops nor implements training programs for medical and nursing staff, and his role is solely administrative, e.g., scheduling and coordinating for funding. *Id.* ¶ 7. Furthermore, although Defendant Morales receives records from County employees certifying that required trainings have been completed by medical and nursing staff in accordance with relevant state-wide standards, he does not personally review or verify the content of these records. *Id.* Rather, he relies on staff that directly report to him to do so. *Id.* The individuals who train the CHS nursing staff do not report directly to Defendant. *Id.*

## II.   **Summary Judgment**

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial… since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  *Celotex Corp. v. Cattret*, 477 U.S. 317, 322-23 (1986).  A fact is material if it might affect the outcome of the lawsuit under governing law, and a dispute about such a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

Generally, the moving party bears the initial burden of identifying those portions of the record which demonstrate the absence of a genuine issue of material fact.  *See Celotex Corp.*, 477 U.S. at 323.  Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party.  But on an issue for which the opposing party will have the burden of proof at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  *Id*. at 325.  If the evidence in opposition to the motion is merely colorable, or is not significantly probative, summary judgment may be granted. *See Liberty Lobby*, 477 U.S. at 249-50.

The burden then shifts to the nonmoving party to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial.'"  *Celotex Corp*., 477 U.S. at 324 (citations omitted); Fed. R. Civ. P. 56(e).  "This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence."  *In re Oracle Corporation Securities Litigation*, 627 F.3d 376, 387 (9th Cir.

2010) (citing *Liberty Lobby*, 477 U.S. at 252).  "The non-moving party must do more than show there is some 'metaphysical doubt' as to the material facts at issue."  *Id.* (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).  "In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor."  *Id.* (citing *Liberty Lobby*, 477 U.S. at 252).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."  *Celotex Corp.*, 477 U.S. at 323.

The Court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a material fact.  *See T.W. Elec. Serv., Inc. V. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). The evidence must be viewed in the light most favorable to the nonmoving party, and the inferences to be drawn from the facts must be viewed in a light most favorable to the nonmoving party.  *See id*. at 631.  It is not the task of the district court to scour the record in search of a genuine issue of triable fact.  *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).  The nonmoving party has the burden of identifying with reasonable particularity the evidence that precludes summary judgment.  *Id*.  If the nonmoving party fails to do so, the district court may properly grant summary judgment in favor of the moving party.  *See id.; see, e.g., Carmen v. San Francisco Unified School District*, 237 F.3d 1026, 1028-29 (9th Cir. 2001).

A.    **Deliberate Indifference**

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain."  *Id.*

United States District Court
Northern District of California

The following are examples of indications that a prisoner has a "serious" need for medical treatment: the existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain. *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), overruled on other grounds, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *See Farmer*, 511 U.S. at 837. The official must both know of "facts from which the inference could be drawn" that an excessive risk of harm exists, and he must actually draw that inference. *Id.* If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Defendant asserts that Plaintiff cannot establish deliberate indifference to serious medical needs because he has alleged no facts linking Defendant to the alleged harms. Dkt. No. 18 at 11. Defendant asserts that Plaintiff claims he "failed to train or adequately supervise employee nurses under his direction" but does not allege any particularized facts indicating that Defendant himself trains or supervises the nurses or medical providers at SMCJ. *Id.* Nor does Plaintiff allege or demonstrate that Defendant was responsible for designing and implementing the training and supervision program for the medical providers at SMCJ or that he personally participated in – or even had knowledge of – the actions that caused Plaintiff's alleged harms. *Id.* Moreover, Defendant asserts, Plaintiff does not specify any particular deficiencies in the policies or training that allegedly caused his harms. *Id.* Without such critical connections, Defendant argues that Plaintiff's allegations boil down to an attempt to hold Defendant liable "solely by the virtue of [his] office," which is an untenable theory under section 1983. *Id.* Plaintiff has filed no

1   opposition in response.

2       A supervisor may be liable under section 1983 upon a showing of (1) personal

3   involvement in the constitutional deprivation or (2) a sufficient causal connection between

4   the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*,

5   678 F.3d 991, 1003-04 (9th Cir. 2012).  Even if a supervisory official is not directly

6   involved in the allegedly unconstitutional conduct, "[a] supervisor can be liable in this

7   individual capacity for his own culpable action or inaction in the training, supervision, or

8   control of his subordinates; for his acquiescence in the constitutional deprivation; or for

9   conduct that showed a reckless or callous indifference to the rights of others." *Starr v.*

10  *Baca*, 652 F.3d 1202, 1208 (9th Cir. 2011) (citation omitted).

11      An administrator may be liable for deliberate indifference to a serious medical need

12  if he or she fails to respond to a prisoner's request for help. *Jett v. Penner*, 439 F.3d 1091,

13  1098 (9th Cir. 2006) (holding that evidence of prisoner's letter to administrator alerting

14  him to constitutional violation sufficient to generate genuine issue of material fact as to

15  whether administrator was aware of violation, even if he denies knowledge and there is no

16  evidence the letter was received).  Conversely, where there is no evidence that the

17  supervisor was personally involved or connected to the alleged violation, the supervisor

18  may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961-62

19  (9th Cir. 2010) (no policy-based supervisory liability for police sergeant who was

20  responsible for day-to-day operations at the station when he was on duty, and who

21  provided only informal training to officers by responding to questions, but did not set

22  station policy and instead was required to enforce the rules and regulations set forth by his

23  supervising captain and other higher-ranking officers); *id.* at 961 (no liability for

24  supervisor based on personal involvement because evidence showed he was not aware of

25  arrest or search until after they were completed and he authorized officers to cite and

26  release plaintiff).

27      Based on the evidence submitted and viewing it in the light most favorable to

28

United States District Court
Northern District of California

Plaintiff, the Court finds that there is an absence of disputed material facts with regards to Defendant Morales' liability as a supervisor for the alleged deficiencies in the medical treatment Plaintiff received at SMCJ.  First of all, nowhere in the amended complaint does Plaintiff allege that Defendant Morales was personally involved in his medical treatment or that Defendant Morales was even aware of Plaintiff's medical needs.  Accordingly, there is no basis for supervisor liability under section 1983 based on Defendant's personal involvement in Plaintiff's deficient medical care under the first prong of *Henry A.*, 378 F.3d at 1003-04.  *See also Edgerly*, 599 F.3d at 961-62.  Rather, Plaintiff's Eighth Amendment claim against Defendant Morales is based on the second prong, i.e., that Defendant is liable for his wrongful conduct in failing to "train and supervise" the nurses who violated Plaintiff's Eighth Amendment rights to adequate medical care.  *Id.*  However, Defendant Morales states in his declaration that while his responsibilities include general oversight of medical care for incarcerated adults within the San Mateo County, he does not directly supervise or train any nursing staff.  *See supra* at 3.   He also states that he neither develops nor implements training programs for medical and nursing staff, and that his role is solely administrative.  *Id.*  Furthermore, Defendant Morales states that he does not directly supervise the individuals who actually train the nursing staff.  *Id.*  Accordingly, Defendant Morales has demonstrated the absence of a genuine issue of material fact regarding his liability as a supervisor under section 1983 based on the lack of any wrongful conduct with regards to the training and supervision of the nurses who allegedly provided deficient medical care.  *See Celotex Corp.*, 477 U.S. at 323.

In opposition, Plaintiff has filed no response to indicate that any of these facts are in dispute, and none of his statements in the amended complaint provide sufficient evidence to create a triable issue of fact.  Accordingly, Plaintiff has failed to establish a genuine dispute of material fact as to whether Defendant Morales is liable as a supervisor for the alleged deliberate indifference to Plaintiff's serious medical needs by the SMCJ nurses.  Defendant Morales is therefore entitled to summary judgment on this claim.  *See*

*Celotex Corp.*, 477 U.S. at 323.

Based on the foregoing, Defendant has established the absence of a genuine issue of material fact with regard to the Eighth Amendment claim against him based on supervisor liability. *See Celotex Corp.*, 477 U.S. at 323.  In response, Plaintiff, having filed no opposition, has failed to identify with reasonable particularity the evidence that precludes summary judgment, *id.* at 324; *Keenan*, 91 F.3d at 1279, or to come forth with evidence from which a jury could reasonably render a verdict in his favor, *In re Oracle Corporation Securities Litigation*, 627 F.3d at 387; *Liberty Lobby*, 477 U.S. at 25.  Accordingly, Defendant Morales is entitled to summary judgment on this claim.  *Celotex Corp.*, 477 U.S. at 323.

## CONCLUSION

For the reasons stated above, Defendant Carlos Morales's motion for summary judgment is **GRANTED**.  Dkt. No. 18.  The Eighth Amendment claim against him based on supervisor liability is **DISMISSED with prejudice**.[6]

This order terminates Docket No. 18.

The Clerk shall terminate any other pending motions as moot and close the case.

**IT IS SO ORDERED.**

Dated:  _February 5, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MSJ
PRO-SE\BLF\CR.19\02404Gonzalez_grant.MSJ

---

[6] Because the Court finds no constitutional violation occurred, it is not necessary to discuss Defendant's qualified immunity argument.

United States District Court
Northern District of California

9